

**FILED**

**SEP 1 1 2019**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ANTHONY S. WHITE, JR., |
| Plaintiff, |
| v. |
| U.S. GOVERNMENT, *et al.*, |
| Defendants. |

Civil Action No.

Chief Judge Beryl A. Howell

## ORDER

Pending before the Court is plaintiff Anthony S. White's *pro se* Motion to Seal, which seeks the concealment of "*all* personal, financial, business information on any and all public court filings and documents." Pl.'s Mot. to Seal ("Pl.'s Mot.") at 1 (emphasis in original); *see* LCvR 40.7(f) (stating that the Chief Judge shall "hear and determine . . . motions in any case not already assigned" including "motion[s] to seal the complaint, [and] motion[s] to seal the address of the plaintiff"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). The plaintiff's motion is denied.

**I.   LEGAL STANDARD**

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). Courts should consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome, including:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife, Inc.*, 865 F.3d at 666.

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). Certain sensitive information, however, is required to be redacted unless the Court orders otherwise, including social security numbers, financial account numbers, birth dates, and the names of minor children. *See* FED. R. CIV. P. 5.2(a).

## II. DISCUSSION

The plaintiff files this instant action accusing the U.S. Government of committing identity theft against him and, through "continued unlawful harassment, starvation, destruction of property, stalking, creating a state of bodily harm and ass[a]ult," forcing him to "commit acts unlawfully and [i]llegally" and forcing him into "homelessness and the inability to maintain a healthy sense of menta[l] health," *see* Compl. at 1. The accompanying Civil Cover Sheet styles the suit as an antitrust action.

At this stage, this Court is not persuaded that the plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The plaintiff's motion provides no justification whatsoever for his request to seal or redact the information in his case, and review of the documents he has submitted indicates that none contains information that must be filed under seal. First, the plaintiff's application to proceed *in forma pauperis* describes, in general terms, the plaintiff's financial situation without providing any personal information such as a social security number, birth date, or financial account number. Such applications are routinely available to the public, and the plaintiff provides no reason to depart from this standard procedure here. Second, the plaintiff's spare reference to his mental health, Compl. at 1, contains no details of a sensitive or private nature such that sealing or redaction is warranted. *Cf. Hardaway*, 843 F.3d at 980. Third, the plaintiff's conclusory and unexplained allegations that he that he has been subject to "stalking" and "continued unlawful harassment," and "identity theft" perpetrated by the U.S. Government are not adequately supported or explained to justify sealing the plaintiff's home address.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Seal is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the plaintiff's Complaint until the plaintiff submits notice that the motion to seal is withdrawn and the plaintiff seeks to proceed with filing the Complaint on the public docket; and it is further

**ORDERED** that the Clerk is directed to provide this Order to the plaintiff at the address indicated on the plaintiff's motion to seal.

**SO ORDERED.**

Date: September 11, 2019

BERYL A. HOWELL
Chief Judge